# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIVIDAD GUTIERREZ, | Case No.  1:13-cv-00642-LJO-SKO |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ENFORCE JUDGMENT** |
| v. | |
| VANTIA PROPERTIES, LLC, et al., | (Doc. No. 47) |
| Defendants. | |
| _____/ | |

## I.   INTRODUCTION

On June 16, 2014, the Court entered default judgment against Defendant Vantia Properties, LLC in the amount of $12,157.05.  (Docs. 43, 44.)  On November 17, 2014, Plaintiff filed a motion to enforce the judgment.  (Doc. 47.)  The hearing on Plaintiff's motion is set for January 14, 2015.  No opposition was filed.  The Court has reviewed Plaintiff's motion and all supporting documentation and finds this matter suitable for decision without argument pursuant to Local Rule 230(g).  Thus, the January 14, 2015, hearing is VACATED.  For the reasons set forth below, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

## II.   BACKGROUND

On May 2, 2013, Plaintiff filed a complaint pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; the California Unruh Act, California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959.  (Doc. 1.)  The

complaint sought an award of statutory damages, prejudgment interest on the damages, costs of suit, attorney's fees, and declaratory and injunctive relief.  (Doc. 1.)  Plaintiff alleged that he requires the use of a wheelchair when traveling in public (Doc. 1, ¶ 8), and the property that is the subject of this suit, Taqueria San Juan (the "Property"), presents numerous architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility  (Doc. 1, ¶ 10).  Defendant Vantia Properties, LLC ("Vantia") was served with the complaint on May 20, 2013, and failed to file a responsive pleading.  (*See* Doc. 10).  Vantia's default was entered by the Clerk of Court on June 27, 2013, and judgment was entered against Vantia on June 16, 2014.  (Docs. 12, 43, 44.)

On November 11, 2014, Plaintiff filed a motion to enforce the judgment against Vantia in the form of an assignment of rents order requiring Vantia's tenants at certain properties to pay their rents to Plaintiff as they become due until all amounts due are paid in full.  (Doc. 47.)  It is this motion that is pending before the Court.

### III.  DISCUSSION

A federal district court has the authority to enforce its money judgments in accordance with the practice and procedure of the state in which it sits. Fed. R. Civ. Pro. 69(a); *Paul Revere Ins. Grp. v. United States*, 500 F.3d 957, 960 (9th Cir. 2007).  An assignment order under California Code of Civil Procedure § 708.510 "is a court order assigning to the judgment creditor . . . the debtor's right to payments due from a third person."  Rutter Group, California Practice Guide-Enforcing Judgments and Debts § 6.1422.5 (2008) ("Rutter Group").  California Code of Civil Procedure § 708.510 provides in relevant part:

> Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due to or to become due, whether or not the right is conditioned on future developments including but not limited to the following types of payments:  (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order. (2) Rents. (3) Commissions. (4) Royalties. (5) Payments due from a patent or copyright. (6) Insurance policy loan value.

2

Cal. Code Civ. Pro. § 708.510(a). This section also provides that "notice of the motion shall be served on the judgment debtor. Service shall be made personally or by mail." Cal. Code Civ. Pro. § 708.510(b).

Plaintiff seeks an enforcement order requiring Vantia's tenants to pay their rental or lease payments directly to Plaintiff. In support of Plaintiff's motion, Plaintiff's counsel filed a declaration stating the following in relevant part:

> 3. I have researched the properties owned by Vantia using various public records search devices and have determined that Vantia owns the following properties as of November 13, 2014:
>
> a) 121 North Maple Avenue in Fresno, California 93702
> b) 133 North Maple Avenue in Fresno, California 93702
> c) 137 North Maple Avenue in Fresno, California 93702
> d) 5191 East Tulare Avenue in Fresno, California 93702
>
> Based upon my research, each of the above addresses represents a different tenant to which Vantia is renting or leasing its real property.
>
> 4. Although I have been able to verify with a high level of certainty that Vantia in fact[] owns these properties, I have not been able to confirm with the same degree of certainty the names of the tenants located at each address to whom Vantia rents or leases the property.

(Doc. 47-2, Moore Decl., ¶¶ 3-4.)

The declaration of Plaintiff's counsel – Ms. Moore – is the only evidence offered to support the motion, and it is insufficient to warrant an order for an assignment of rents for a number of reasons. First, Ms. Moore's statement alone is insufficient to show that Vantia owns the properties listed in counsel's declaration. Plaintiff must present evidence of such ownership.

Second, Plaintiff has provided no evidence the listed properties are in fact rented or leased by Vantia to third parties. An assignment order that is properly served has the effect of rendering the third party *personally* liable to the judgment creditor. Cal. Code of Civ. Pro. §§ 701.020, 701.050. Without evidence showing third-parties are obligated to pay rent to Vantia, the Court has no basis to assign anything to Plaintiff, obligating third-parties. Moreover, Plaintiff has not identified these purported third party lessees by name.

3

Third, assuming the premises are actually rented or leased by tenants who are obligated to pay Vantia rent, there is no evidence presented showing the *amount* of such rent or lease payments. This is critical to an assignment order because the Court may only order the assignment of property to the extent necessary to satisfy the money judgment. Cal. Code Civ. Pro. § 708.510(d). Without a rental or lease agreement showing the amount a tenant owes to Vantia, the assignment order Plaintiff requests is essential one for an unknown amount. For example, if each of the properties listed above had a tenant who paid $4,000 per month in rent, the assignment order Plaintiff seeks would result in an assignment of $16,000 to Plaintiff, which is more than the judgment amount. The Court cannot issue an assignment order in the abstract.

Finally, no assignment order is effective until the third-party obligor receives notice of it. Cal. Code Civ. Pro. § 708.540. As Plaintiff has presented no evidence of the identity of the purported tenants or the address where they may be provided with notice of the order, Plaintiff has not shown that notice of the assignment order would be effective.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, there is insufficient evidence to issue the assignment order Plaintiff seeks. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to enforce the judgment is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **January 13, 2015**             **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE